IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**DUSTIN ELSWICK, individually,**

v.   Civil Action No. 3:21-cv-00468
Honorable Robert C. Chambers

**BRIAN D. HALL, individually, XERXES RAHMATI, individually, SCOTT A. LOWTHER, individually, BRIAN LOCKHART, individually, PUTNAM COUNTY COMMISSION, a political subdivision of the State of West Virginia, JOHN DOE, an individual,**

  **Defendants.**

### DEFENDANT PUTNAM COUNTY COMMISSION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

  **COMES NOW** Defendant Putnam County Commission, by and through counsel, the law firm of Bailey & Wyant, PLLC, Charles R. Bailey and Jeffrey M. Carder, and for its Answer and Affirmative Defenses asserts the following:

### FIRST AFFIRMATIVE DEFENSE

  This Defendant denies any and all facts, contentions or allegations set forth in the Complaint not hereinafter affirmatively admitted. In regard to the individual paragraphs enumerated in Plaintiff's Complaint, this Defendant responds as follows:

1. This Defendant is without sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

2. Based upon information and belief, this Defendant admits that Defendant Brian D. Hall is employed by the Putnam County Sheriff's Department with an address of 236 Courthouse

1

Drive, Suite B, Winfield, West Virginia 25213, but denies any and all other allegations contained in Paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.

3. Based upon information and belief, this Defendant admits that Defendant Xerxes Rahmati is employed by the Putnam County Sheriff's Department with an address of 236 Courthouse Drive, Suite B, Winfield, West Virginia 25213, but denies any and all other allegations contained in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4. Based upon information and belief, this Defendant admits that Defendant Scott A. Lowther is employed by the Putnam County Sheriff's Department with an address of 236 Courthouse Drive, Suite B, Winfield, West Virginia 25213, but denies any and all other allegations contained in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

5. This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.

6. Paragraph 6 of Plaintiff's Complaint contains conclusions of law to which no response is required.

7. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

**FACTS**

8. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

9. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same

and demands strict proof thereof.

10. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

11. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

12. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

13. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

14. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

15. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

16. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

17. This Defendant is without sufficient information and knowledge to admit or deny the

allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

18. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

19. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

20. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

21. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

22. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

23. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

24. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

25. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

26. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

27. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

28. This Defendant admits that it has been named a defendant in civil action numbers 3:21-cv-00242 and 3:21-cv-00435 currently pending before this Court, but as far as any and all other allegations contained in Paragraph 28 of Plaintiff's Complaint, this Defendant is without sufficient information and knowledge to admit or deny those allegations and, therefore, denies the same and demands strict proof thereof.

29. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

**COUNT ONE – UNREASONABLE SEARCH AND SEIZURE
IN VIOLATION OF THE FOURTH AMENDMENT**

30. Having previously responded to Paragraphs 1 – 29 of Plaintiff's Complaint, this Defendant reasserts and alleges each response as if fully contained herein verbatim.

31. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the

same and demands strict proof thereof.

32. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

33. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

34. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

35. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

36. Paragraph 36 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that Paragraph 36 contains allegations pertaining to this Defendant, this Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

37. Paragraph 37 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that Paragraph 37 contains allegations pertaining to this Defendant, this Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

38. Paragraph 38 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent that Paragraph 38 contains allegations pertaining to this Defendant, this Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

39. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT TWO – MONELL CLAIM

40. Having previously responded to Paragraphs 1 – 39 of Plaintiff's Complaint, this Defendant reasserts and alleges each response as if fully contained herein verbatim.

41. This Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42. This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43. This Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint and demands strict proof thereof.

44. This Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.

45. This Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT THREE – SUPERVISORY LIABILITY

46. Having previously responded to Paragraphs 1 – 45 of Plaintiff's Complaint, this Defendant

reasserts and alleges each response as if fully contained herein verbatim.

47. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

48. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

49. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

50. This Defendant is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

**PRAYER**

51. This Defendant denies that Plaintiffs are entitled to any relief sought through the WHEREFORE paragraph and subparagraphs 1 – 3 and demands strict proof thereof.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff has failed to allege a cause of action against the Commission that may result in a verdict in favor of the Plaintiff and against the Commission.

**THIRD AFFIRMATIVE DEFENSE**

The Commission states that at all times relevant hereto, the Commission acted in good faith and did not violate clearly established law.

## FOURTH AFFIRMATIVE DEFENSE

Any and all damages incurred by the Plaintiff was the direct and proximate result of the actions or omissions by the Plaintiff or a person or entity other than the Commission and are in no way attributable to any wrongdoing on the part of the Commission.

## FIFTH AFFIRMATIVE DEFENSE

The Commission pleads all immunities and defenses available to it under the Governmental Torts Claims and Insurance Reform Act, W.Va. Code § 29-12A-1, et seq.

## SIXTH AFFIRMATIVE DEFENSE

The Commission raises each and every affirmative defense or matter constituting an avoidance under Rules 8, 9 and 12 under the Federal Rules of Civil Procedure, to the extent that the same may appear applicable, as well as any and all other defenses which may be revealed as appropriate during discovery.

## SEVENTH AFFIRMATIVE DEFENSE

The Commission asserts the affirmative defenses of comparative negligence, contributory negligence, assumption of the risk, estoppel, waiver, statute of limitations, laches, and all other defenses which may be applicable and are required to be affirmatively pled.

## EIGHTH AFFIRMATIVE DEFENSE

The Commission reserves the right to file additional affirmative defenses, counterclaims, crossclaims, and/or third-party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

## NINTH AFFIRMATIVE DEFENSE

At all times material herein, the Commission acted in an objectively reasonable manner and did not violate any legal rights of the Plaintiff of which the Commission knew or in the exercise of reasonable diligence should have known.

**TENTH AFFIRMATIVE DEFENSE**

The Commission is entitled to qualified immunity for any state law claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims presented in the Plaintiff's Complaint are or may be barred by the Plaintiff's failure to mitigate damages, if any, in the manner and to the extent required by applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

The Commission cannot be held liable under respondeat superior or vicarious liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Commission cannot be held liable for any alleged actions of the defendant SEU officers under theories of vicarious liability or respondeat superior, because they are not an employee, independent contractor, or other agent of the Commission.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Commission asserts that it cannot be held vicariously liable for any alleged intentional or unlawful conduct engaged in by the defendant law enforcement officers.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Commission cannot be held liable for the alleged acts of the defendant law enforcement officers because the Commission did not establish, implement or execute a policy, regulation, or decision, officially adopted by a governing body or informally adopted by custom, authorizing warrantless searches and seizures.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Commission cannot be held liable for the acts of the defendant law enforcement officers because there is no "custom" in the Commission, either formally or informally approved or which is persistent and widespread in the practices of its officials that is so permanent and well settled to have the force of law authorizing warrantless searches and seizures.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Commission is not liable for the conduct of law enforcement officers absent a deliberate indifference to Plaintiff's constitutional right.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Commission did not inflict injury to the Plaintiff by implementing or authorizing policies or procedures that would rise to deliberate indifference to Plaintiff's Constitutional rights.

### NINETEENTH AFFIRMATIVE DEFENSE

The Commission cannot be held liable in this action because it did not act deliberately indifferent to Plaintiff's Constitutional rights.

### TWENTIETH AFFIRMATIVE DEFENSE

The Commission denies that its actions deprived Plaintiff of any right, privilege, or immunity secured by the United States Constitution and laws or the Constitution of the State of West Virginia.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As an affirmative defense to Plaintiff's claim for Supervisory liability, if any, cognizable under 42 U.S.C. §1983, the Commission asserts that it did not cause the alleged violation of any of Plaintiff's constitutional rights.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Commission did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless or egregious

conduct, consequently, there is no factual basis to support Plaintiffs' claim for damages against the Commission.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages against the Commission pursuant to *West Virginia Code* § 29-12A-7(a) which prohibits an award of punitive or exemplary damages against such political subdivision.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Although the Commission denies that it is liable for Plaintiff's claims, Plaintiff's non-economic damages, if any, are limited by *West Virginia Code*, § 29-12A-7(b).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages under 42 U.S.C. §1983, fails because the conduct of the Commission was neither motivated by evil motive or intent, nor did the conduct of the Commission involve reckless or callous indifference to Plaintiff's federally protected rights.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against the Commission, or in the alternative the punitive damages Plaintiff seeks would violate the Commission's rights under the United States and West Virginia Constitution, as more particularly explained hereafter.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint, to the extent that it seeks punitive damages from the Commission, violates the Defendant's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia and violates the Commission's rights to substantive due process as provided

in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia; therefore, Plaintiff fails to state a cause of action upon which punitive damages can be awarded.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

By virtue of the matters set forth in the Plaintiff's Complaint and all of the defenses herein set forth, the Plaintiff is not entitled to any punitive damages as alleged in the Complaint or the reasons that the alleged conduct of the Commission cannot be determined in any manner to have been in willful, wanton or reckless disregard for the rights of the Plaintiff, nor did the Commission willfully, wantonly or recklessly commit any tortious acts against the Plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Commission denies that it engaged in any conduct that violated any of the laws set forth in 42 U.S.C.S. § 1988(b) such that Plaintiff is not entitled to attorney's fees. Alternatively, to the extent that Plaintiff was incarcerated at the time of the filing of the Complaint, the Plaintiff's recovery of attorney's fees, if any at all, is limited by 42 U.S.C. § 1997(e).

### THIRTIETH AFFIRMATIVE DEFENSE

The Commission reserves the right to seek attorney's fees pursuant to 42 U.S.C.S. § 1988(b) from Plaintiff such that Plaintiff's claims have been either frivolous, unreasonable, or groundless, or the Plaintiff continued to litigate after the claim clearly became so.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff, by his own conduct, have waived his right to assert this cause of action.

**WHEREFORE,** the Commission respectfully prays this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice, this matter be removed from the docket, and that the Commission be granted such other relief as this Honorable Court deems just and proper.

**PUTNAM COUNTY COMMISSION,**
**By Counsel,**

 **/s/ Jeffrey M. Carder**
**Charles R. Bailey (WV Bar # 0202)**
**Jeffrey M. Carder (WV Bar # 12725)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**cbailey@baileywyant.com**
**jcarder@baileywyant.com**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**DUSTIN ELSWICK, individually,**

v.   Civil Action No. 3:21-cv-00468
     Honorable Robert C. Chambers

**BRIAN D. HALL, individually, XERXES RAHMATI, individually, SCOTT A. LOWTHER, individually, BRIAN LOCKHART, individually, PUTNAM COUNTY COMMISSION, a political subdivision of the State of West Virginia, JOHN DOE, an individual,**

   **Defendants.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing "**DEFENDANT PUTNAM COUNTY COMMISSION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, December 27, 2021:

John H. Bryan
Law Office of John H. Bryan
PO Box 366
Union, WV 24983
*Attorney For: Mason Dillon*

Lori D. Counts-Smith
Sandra H. Kinney
Lewis Glasser PLLC
P. O. Box 1746
Charleston, WV 25326
*Attorney For: Brian D. Hall, Brian Lockhart, Kenny Davis, Scott A. Lowther, Xerxes Rahmati*

  **/s/ Jeffrey M. Carder**
**Charles R. Bailey (WV Bar # 0202)**
**Jeffrey M. Carder (WV Bar # 12725)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**cbailey@baileywyant.com**
**jcarder@baileywyant.com**