# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

**DUSTIN ELSWICK, individually,**

    **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　　**Civil Action No.: 3:21-cv-00468**
　　　　　　　　　　　　　　　　　　　　**Honorable Robert C. Chambers**

**BRIAN D. HALL, individually,**
**XERXES RAHMATI, individually,**
**SCOTT A. LOWTHER, individually,**
**RYAN LOCKHART, individually,**
**PUTNAM COUNTY COMMISSION,**
a political subdivision of the State of West
Virginia, **JOHN DOE, an individual,**

    **Defendants.**

## DEFENDANT OFFICERS' MOTION FOR PROTECTIVE ORDER

NOW COME Defendants, Brian D. Hall, Xerxes Rahmati, Scott A. Lowther, and Ryan Lockhart, by counsel, Sandra Henson Kinney and the law firm of Lewis Glasser PLLC, under Rule 26(c) of the Federal Rules of Civil Procedure, and for their Motion for a Protective Order, respectfully state as follows:

    1.    On August 31, 2022, Plaintiff served Defendants Hall, Rahmati, and Lowther with Notices of Videotaped Deposition, noticing the depositions for September 20, 2022. ECF Nos. 60-62.

    2.    On September 2, 2022, Plaintiff served former Putnam County Deputy Sheriff, Kenny Davis, with an Amended Notice of Deposition, noticing a deposition to occur via Zoom on September 27, 2022. ECF No. 65. Mr. Davis is not a party to the instant lawsuit, but he is a

Defendant in Civil Actions Nos. 3:21-cv-242 and 3:21-cv-435, cases in which John H. Bryan also represents the plaintiffs.

3. Plaintiff's counsel, John H. Bryan, operates a YouTube channel[1] under the username "The Civil Rights Lawyer." His channel has approximately 89,000 subscribers[2]. He has uploaded several videos concerning the instant civil action to his YouTube channel.



4. On September 4, 2022, he uploaded two videos to his YouTube channel. In each video, Mr. Bryan included portions of a defendant officer's video deposition from a § 1983 case now pending in this District against current and former Mercer County deputy sheriffs. *See Sargent v. Bish, et al.*, Civil Action No. 1:21-cv-615. The videos clearly show the defendant's face, uniform, and identifying details regarding his current employment.

5. On September 7, 2022, the undersigned contacted Mr. Bryan via email to address the issue of video depositions of the Defendant Officers in the instant case. The undersigned requested that: the parties enter into an agreement that: (1) the video depositions not be published

---

[1] The Civil Rights Lawyer - YouTube
[2] Subscriber count is through September 2022.

on Mr. Bryan's YouTube channel or anywhere else; and (2) the deposition testimony not be published except as attachments to pleadings in this matter. *See* Email correspondence, attached hereto as **Exhibit A**. Mr. Bryan did not respond to the email message.

6. In compliance with Rule 26(c)(1), the undersigned contacted Mr. Bryan again on September 14, 2022, stating, "I have not heard back from you regarding the email below, and therefore, I assume you will not agree to refrain from using video from my clients' depositions on your YouTube channel (or other methods of publication). If this is incorrect, please advise by close of business on September 15, 2022. If I do not hear from you, I will have no choice but to file a Motion for Protective Order." *Id.*

7. Mr. Bryan responded, "If you're interesting [sic] in attempting to control or retaliate against the exercise of my First Amendment rights, or even my client's First Amendment rights, then I would foresee unnecessary consequences resulting from that. I would strongly urge against going down that road." *Id.*

8. He further responded:

> In response to your concerns, I will agree not to publish any video deposition testimony of your clients until after the jury trial in this case, or the case is otherwise adjudicated before the District Court. Beyond that, however, though your clients may feel entitled to hide their testimony, this is a civil lawsuit in a matter of public interest, involving official misconduct perpetrated by law enforcement officers acting under color of law.
>
> As you know, the Sheriff of Putnam County told the television news that there would be an internal investigation of your clients' misconduct. And as you also know, the results of that investigation were made/marked confidential and hidden from the public. The public is entitled to the public records generated in the litigation, including the testimony of your clients.
>
> File whatever motion you want to file. That is my position and you are entitled to nothing more, in my opinion. I have no doubt that any attempts to suppress information will only consequentially direct much more attention to it. If your clients are ashamed of their

>testimony, they ought to make things right with my client and settle the case.

*Id.*

9. The undersigned thus certifies that on behalf of the Defendant Officers, she has in good faith conferred with Plaintiff's counsel in an attempt to resolve this dispute without intervention of this Court.

10. Mr. Bryan began publicizing this case on January 15, 2020, when he posted a video[3] to his YouTube channel titled: "Caught on Video: the Putnam County WV Sheriff Dept. Special Task For breaks into a house[.]" It currently has 135,243 views and counting:



11. On February 22, 2020, he posted an "update video[4]" to his channel, which is titled: "Putnam County, W. Va. Creepy Search Video Update." This video currently has over 132,000 views and counting:

---

[3] *See* [Caught on Video: the Putnam County WV Sheriff Dept. Special Task Force breaks into a house - YouTube](#)
[4] [Putnam County, W. Va. Creepy Search Video Update - YouTube](#)



12. On July 22, 2022, Mr. Bryan posted a 13 minute long video, "Update on My Creepy Cops Search Case of Putnam County, WV[.]" This video has over 222,000 views:



13. Many comments on these videos are concerning and underscore the need for a Protective Order governing the use and prohibiting the publication of the Defendant Officers' deposition testimony. For instance, some comments contain thinly veiled threats of violence

Page **5** of **14**

against the Defendant Officers, and law enforcement generally, along with suggestions that viewers go to the Officers' homes:









14. Other comments show that viewers of these videos reside in Putnam County, West Virginia, where most of the Defendant Officers continue to work:



15. And disturbingly, the viewers have made outright requests for Mr. Bryan to post video depositions of the Defendant Officers while others seek ongoing updates:



Page **8** of **14**



16. Under Rule 26(c)(1), F.R.C.P., "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Defendant Officers submit that they have made their good cause showing – Mr. Bryan's posting their video depositions to his YouTube channel will lead to their annoyance and embarrassment and further will unnecessarily expose them to risk of harm.

17. This issue has been addressed by courts before. In a similar factual scenario, the plaintiff in an employment discrimination suit posted video deposition testimony to her "Pro Se Advocate" YouTube channel entitled, "Amy Bouque Deposition: Best Ways to Tell if A Witness is Lying." *Springs v. Ally Fin., Inc.,* Case No. 3:10-cv-311-MOK-DCK, 2014 U.S. Dist. LEXIS 182064 at *9 (W.D.N.C. Dec. 2, 2014).[5] The plaintiff overlaid the video with her audio commentary about the deposition testimony of the defendant's Rule 30(b)(6) deposition witness.

---

[5] Aff'd by, *Springs v. Ally Fin. Inc.,* 2015 U.S. Dist. LEXIS 14550 (W.D.N.C., Feb. 6, 2015); aff'd by, *Springs v. Ally Fin. Inc.,* 2016 U.S. Dist. LEXIS 119957 (W.D.N.C., Sept. 6, 2016).

*Id.* The defendant employer filed a motion for a protective order seeking an order "requiring that the video from the … deposition … only be used for purposes of this action, and thus, removed from YouTube." *Id.* at *10. Considering the motion, the magistrate judge emphasized that **"[c]ourts … must be mindful that the purpose of discovery is 'to facilitate orderly preparation for trial, not to educate or titillate the public.'"** *Id.* at *13 (emphasis in original)(quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). The magistrate judge further noted that the video deposition in question had not been filed or otherwise made public during the litigation. *Id.* at *16. (citing *Larson v. American Family Mutual Ins. Co.*, Case No. 06-cv-01355-PSF-MEH, 2007 U.S. Dist. LEXIS 12726, at *1 (D. Colo. Feb. 23, 2007))(where plaintiff's counsel attempted to use clips from video depositions for his own commercial gain, "limiting continuing effect of protective order after conclusion of case[]; video depositions taken in this case may not be used for any purpose unrelated to this lawsuit, unless that portion of the deposition is admitted at trial into evidence and is therefore, properly a part of the public record.") He granted the motion for protective order as follows, "No party shall publish or disseminate audio or video recordings obtained during discovery in this action without prior permission of the Court."

18. The Fourth Circuit subsequently considered the protective order and held that a "district court has a compelling interest in preventing litigants . . . from using discovery to mock or harass a private party on the Internet." *Springs v. Ally Fin. Inc.*, 684 F. App'x 336, 338 (4th Cir. 2017) (unpublished *per curiam* opinion).

19. Mr. Bryan's expressed intent to use Defendants' Officers video depositions for YouTube content, and presumably to up the number of views per video, goes beyond the harassment or mocking condemned in *Springs*. Indeed, posting Defendant Officers' images and identifying information online puts them, their families, their coworkers, and those around them,

at risk of harm from the individuals viewing content on "The Civil Rights Attorney" YouTube channel – individuals who publicly post comments such as:

- These cops should've been lawfully gunned down.

- There was a time people just disappeared for this crap. WV takes care of their own they have too [sic].

- Just go their houses and start looking around … Honestly, the Sheriff is lucky that he isn't having to prepare funerals for three of his men for this stunt.

20.     Accordingly, the Defendant Officers have established good cause for the entry of an Order governing the use of their deposition testimony outside this litigation.[6]

**WHEREFORE,** the Defendant Officers respectfully request that the Court **GRANT** their Motion and **ENTER** an Order:

A.     Prohibiting Plaintiff's counsel or any party in this matter from publishing or disseminating audio or video recordings obtained during discovery in this action without prior permission of the Court;

B.     Awarding them all attorney's fees and costs associated with this Motion; and

C.     Any other relief the Court deems appropriate.

**Respectfully submitted,**

**BRIAN D. HALL,**
**XERXES RAHMATI,**
**SCOTT A. LOWTHER, and**
**RYAN LOCKHART,**

**By counsel,**

---

[6] Contrary to Mr. Bryan's protests, the entry of a Protective Order will not infringe on his First Amendment rights. The Supreme Court expressly held that "where … a protective order is entered on a showing of good cause as required by Rule 26(c), is limited in the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) (quoted in *Springs*, 684 F. App'x at 337).

/s/ Sandra Henson Kinney
Sandra Henson Kinney, Esq., WVSB No. 6329
**LEWIS GLASSER PLLC**
P. O. Box 1746
Charleston, WV 25326
Telephone:	(304) 345-2000
Facsimile:	(304) 343-7999
skinney@lewisglasser.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**DUSTIN ELSWICK, individually,**

    **Plaintiff,**

vs.                                                               **Civil Action No.: 3:21-cv-00468
Honorable Robert C. Chambers**

**BRIAN D. HALL, individually,
XERXES RAHMATI, individually,
SCOTT A. LOWTHER, individually,
RYAN LOCKHART, individually,
PUTNAM COUNTY COMMISSION,
a political subdivision of the State of West
Virginia, JOHN DOE, an individual,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

I, Sandra Henson Kinney, do hereby certify that on this 16th day of September, 2022, I served a copy of the foregoing "**DEFENDANT OFFICERS' MOTION FOR PROTECTIVE ORDER**" upon all counsel of record by using the CM/ECF system which will send the notification of such filing to the following:

John H. Bryan, Esq.
John H. Bryan, Attorney at Law
P.O. Box 366
Union, WV 24983
**COUNSEL FOR PLAINTIFF**

Charles R. Bailey, Esq.
Bailey & Wyant, PLLC
P.O. Box 3710
Charleston, WV 25337
**COUNSEL FOR PUTNAM COUNTY COMMISSION**

s/ Sandra Henson Kinney, Esq.
───────────────────────────────
Sandra Henson Kinney, Esq., WVSB No. 6329
**LEWIS GLASSER PLLC**
P. O. Box 1746
Charleston, WV  25326
Telephone:     (304) 345-2000
Facsimile:      (304) 343-7999
skinney@lewisglasser.com
***Counsel for Brian D. Hall, Xerxes Rahmati,
Scott A. Lowther, and Ryan Lockhart***