IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DUSTIN ELSWICK,**

      **Plaintiff,**

v.                                **Civil Action No. 3:21-cv-00468**

**BRIAN D. HALL, individually,**
**XERXES RAHMATI, individually,**
**SCOTT A. LOWTHER, individually,**
**RYAN LOCKHART, individually,**
**PUTNAM COUNTY COMMISSION,**
**a political subdivision of the State of West**
**Virginia, JOHN DOE, an individual,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Officers' Motion for Protective Order, (ECF No. 66), under Federal Rule of Civil Procedure 26(c). Defendants seek to prevent Plaintiff's counsel from publishing the videotaped depositions of Defendants Hall, Rahmati, Lowther, and of a witness, Kenny Davis, on counsel's YouTube channel. Defendants contend that publication of the depositions will lead to embarrassment and annoyance and will expose the defendants and the witness, who are police officers, to unnecessary risk. Defendants also seek attorneys' fees and expenses incurred in moving for the protective order.

Plaintiff has filed a response to the Motion, indicating that he will agree not publish or disseminate the videotaped depositions until after conclusion of the jury trial or other adjudication of the case, but he objects to a protective order that grants "broad post-trial

1

restraint." (ECF No. 68 at 14). Plaintiff asserts that he has a First Amendment right to use the depositions and that right should not be unnecessarily restricted. Defendants have submitted a reply memorandum in which they argue that they are not asking the Court to limit Plaintiff's right to use the information in the depositions. They simply do not want the videotapes themselves to be published. They reiterate concerns for their safety and argue that a protective order is necessary to ensure that approval is obtained from the Court before the depositions are published to the general public. Defendants point out that the depositions were taken for discovery purposes and may never become a part of the public record. For the reasons that follow, this Court **GRANTS** Defendants' motion for a protective order and **DENIES** Defendants' request for attorneys' fees.

### A. Protective Order

A court may issue a protective order controlling the publication of discovery materials pursuant to Rule 26(c) if the moving party demonstrates good cause. Plaintiff's counsel has agreed not to publish or disseminate the videotaped depositions while the case is pending. (ECF Nos. 66-1 at 2, 68 at 13). Given the safety concerns expressed by the defendants, and because the publication of these depositions may taint the jury pool in case of a jury trial, especially seeing as Plaintiff's counsel's YouTube channel has viewers in West Virginia and Putnam County, (ECF Nos. 66 at 7, 68 at 14–15), Defendants have demonstrated good cause for issuing the protective order. *See Valerie v. Mich. Dept. of Corr.*, No. 2:07-cv-5, 2008 WL 4377715, at *2 (W.D. Mich., Sept. 23, 2008) (denying motion to dissolve a protective order prohibiting dissemination of videotape to media, recognizing substantial risk of tainting the jury pool)*; Bell v. Bd. of Educ. of Cty. of Fayette*, 225 F.R.D. 186, 191 (S.D.W. Va. 2004) (noting a concern for tainting the jury pool in granting motion for a protective order to seal depositions).

However, the Court currently is not in a position to determine whether the protective order should terminate upon adjudication of the case, as that determination depends upon factors not yet known. The issue may become moot, as it is possible that the parties will agree not to publish the videotaped depositions as part of a compromise and settlement. The depositions may also become part of the public record, creating a presumption of public access which would significantly alter the Court's analysis of the protective order. *See Seattle Times v. Rhinehart*, 467 U.S. 20 (1984) (analyzing the First Amendment implications of a protective order barring dissemination of discovery materials not part of the public record). Thus, the Court will not place an expiration date on the protective order. Since both parties agree that the videotaped depositions will not be published during the litigation, it is simplest for the order to remain in place indefinitely. Once the case is tried, settled, or otherwise dismissed, Plaintiff can move to vacate the protective order, and the matter can be reconsidered at that time.

Contrary to Plaintiff's assertions, (ECF No. 68 at 13), this protective order is not an unconstitutional prior restraint on speech. *Id.* at 33 ("[A]n order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny."). Though Plaintiff cites *Seattle Times* for the proposition that these kinds of protective orders require First Amendment analysis, (ECF No. 68 at 13), the Supreme Court's opinion in *Seattle Times* stresses that courts must have discretion in fashioning protective orders to prevent abuse of the discovery process, which may uncover information only tangentially related to the pending case. *Seattle Times*, 467 U.S. at 36. The Supreme Court explicitly stated that a protective order supported by good cause and limited to pretrial civil discovery, without restricting dissemination of information found in other sources, does not offend the First

Amendment. *Id.* at 37. The protective order issued here complies with that description in *Seattle Times* and is therefore constitutional.

### B. Request for Attorneys' Fees

Federal Rule of Civil Procedure 37 governs the award of attorneys' fees and expenses for protective orders. Rule 37 provides that the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, unless the movant filed the motion before making a good faith effort to obtain the disclosure without court action; the opposing party's action was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, Plaintiff's counsel's actions were substantially justified. Prior to this Order, Plaintiff's counsel had a good faith argument that he could publish the depositions on his YouTube channel at the conclusion of the case, and that a protective order was not necessary. Accordingly, an award of attorneys' fees and expenses is inappropriate.

The Court hereby **GRANTS** Defendants' motion for protective order and **DENIES** Defendants' request for expenses and attorneys' fees.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED:** October 21, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge

4